STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent–Appellant,

v.

Sylvia Lee BALLMER and Wilbur Ballmer, Appellants–Respondents,

James Andrew Ellis, Defendant.

No. 77385.

Supreme Court of Missouri, En Banc.

May 30, 1995.

Edward W. Mullen, Kansas City, for appellant.

Andrew J. Gelbach, Warrensburg, Phillip S. Smith, Kansas City, for respondents.

COVINGTON, Chief Justice.

State Farm Mutual Automobile Insurance Company brought a declaratory judgment action against Sylvia Ballmer and Wilbur Ballmer seeking a declaration of the rights and obligations of the parties under an automobile liability insurance policy.[1] The trial court held that the policy afforded no coverage, but that, pursuant to § 303.190,[2] State Farm was required to provide coverage of $25,000. The court also held that State Farm had neither a right to intervene nor a duty to defend Wilbur Ballmer in a pending wrongful death action. State Farm, Sylvia Ballmer, and Wilbur Ballmer appealed. The judgment is affirmed in part and reversed in part and the cause remanded.

Wilbur Ballmer was driving Sharon Kulenkamp's automobile with her permission when the car crashed, killing passenger Daniel Ellis, Wilbur Ballmer's half-brother. At the time of the accident, Wilbur Ballmer resided with the deceased. Kulenkamp, the deceased's sister and Wilbur Ballmer's half-sister, lived elsewhere. Sylvia Ballmer is the natural mother of Wilbur Ballmer, the deceased, and Kulenkamp. An automobile insurance policy issued by State Farm to Kulenkamp was in force on the date of the accident.

Sylvia Ballmer sued Wilbur Ballmer for the wrongful death of the deceased. State Farm offered to defend Wilbur Ballmer, but

---

1. James Ellis, a named defendant, was never served with process. He is not a party to the proceedings in this Court.

2. All statutory references are to RSMo 1986.

reserved the right to disclaim coverage pursuant to a household exclusion. Wilbur Ballmer refused the offer. State Farm advised Sylvia Ballmer that it would not offer to settle the wrongful death action until this Court decided the validity of the household exclusion in a pending case, *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992).

State Farm filed a declaratory judgment action asking the court to find that, because of the household exclusion, the policy afforded no liability coverage for the death of the deceased. At about the same time, the court in which the wrongful death action is pending sustained State Farm's motion to intervene for the limited purpose of obtaining a stay in that proceeding and granted the stay.[3]

The Ballmers entered into an agreement pursuant to § 537.065 that limited Sylvia Ballmer's recovery, in the event of a judgment against Wilbur Ballmer in the wrongful death action, to the proceeds of the insurance policy and State Farm's assets. Wilbur Ballmer made an offer of judgment in the amount of $1,500,000, and Sylvia Ballmer accepted. The court before which the wrongful death action is pending has not ruled on whether to enter a judgment on the offer because of the stay.

Approximately two months after the Ballmers entered into the agreement, this Court decided *Halpin*, holding that § 303.025 is in effect a compulsory insurance law; consequently, a household exclusion is unenforceable up to the statutory liability limits. *Halpin*, 823 S.W.2d at 481. The next day, State Farm tendered to Sylvia Ballmer a check in the amount of $25,000, which she refused. State Farm again offered to defend Wilbur Ballmer, who again refused.

The court before which the declaratory judgment action was pending held that the insurance policy afforded no liability coverage for the death of the deceased by reason of the household exclusion, but that, pursuant to § 303.190 as interpreted in *Halpin*, State Farm was obligated to provide liability coverage of $25,000. The court declared that State Farm had no duty to defend Wilbur Ballmer in the wrongful death action and could not do so without his consent. The court also held that State Farm had no right to intervene.

■ The Ballmers' appeal concerns the language of the household exclusion, which provides: "THERE IS NO COVERAGE.... FOR ANY *BODILY INJURY* TO.... ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD." To prevail, the Ballmers must overcome the rule that construction of insurance contracts is unnecessary when a contract provision is clear and unambiguous. *Rodriguez v. General Acc. Ins. Co.*, 808 S.W.2d 379, 382 (Mo. banc 1991). The Ballmers rely on *State Farm Mut. Auto. Ins. Co. v. Carney*, 861 S.W.2d 665, 668–69 (Mo. App.1993), which holds an identical exclusionary clause ambiguous. The *Carney* court, relying on this Court's decision in *Shelter Mut. Ins. Co. v. Brooks*, 693 S.W.2d 810, 811–12 (Mo. banc 1985), found that the use of the indefinite article "an" and the definite article "the" created an ambiguity. *Carney*, 861 S.W.2d at 668–669. *Carney* held that there was more than one plausible interpretation of who is "the insured" in the exclusionary clause. *Id.* at 668. This Court holds to the contrary.

■ The insurance policy issued to Kulenkamp provides: "Defined words are printed in bold face [sic] italics." The term "insured" is printed in boldface italics in the household exclusion; therefore, it is a defined word. If a term within an insurance policy is clearly defined, the contract definition controls. *McManus v. Equitable Life*

---

3. This case does not present, and this Court does not decide, the issues of whether the court erred in allowing State Farm to intervene or in granting the stay. *Compare State ex rel. Mid–Century Ins. Co. v. McKelvey*, 666 S.W.2d 457, 459 (Mo. App.1984) (insurer has standing to obtain a stay of proceedings in underlying damage suit until the declaratory judgment action is decided), *with*

*State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307, 309 (Mo.App.1993) (insurance company that offered to defend its insured with reservation of rights, which offer was refused, was not entitled to stay underlying tort action, pending resolution of declaratory judgment action regarding coverage).

*Assur. Soc. of the United States,* 583 S.W.2d 271, 272 (Mo.App.1979); *see Rodriguez v. General Acc. Ins. Co.,* 808 S.W.2d 379, 382 (Mo. banc 1991). The insurance policy defines "insured" as:

1. *you;*

2. *your spouse;*

3. the *relatives* of the first *person* named in the declarations;

4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse;* and

5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds.*

The meaning of the household exclusion is clear in light of the definition of "insured;" as used in the household exclusion, "an insured" refers to any person or organization falling within the definition of "insured." *See Swift & Co. v. Zurich Ins. Co.,* 511 S.W.2d 826, 829 (Mo.1974) (whenever the unqualified term "insured" is used, it includes not only the named insured but such other persons as are protected by the omnibus clause). Because there are five categories included in the definition of "insured," the definite article "the" is used in the household exclusion to refer to the specific category of "insured" that applies to the situation. The term "the insured," therefore, refers to the person or organization identified previously in the exclusion as "an insured."

Reading the exclusion and the definition of "insured" together so that all relevant portions of the contract are given meaning, *see J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 264 (Mo. banc 1973), Wilbur Ballmer was "an insured" because Kulenkamp granted him permission to use the car. The deceased and Wilbur Ballmer, members of the same family, lived together. The deceased, therefore, was a "MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD." Under the plain language of the household exclusion, the policy provided no coverage for bodily injury, including death, to the deceased. To the extent that *Carney* suggests that the exclusion is ambiguous, it is overruled.

Sylvia Ballmer contends that the household exclusion does not apply because neither Wilbur Ballmer nor the deceased was a "relative" of Kulenkamp for the reason that neither resided in her household at the time of the accident. The policy defines "relative" as "a *person* related to *you* or *your spouse* by blood, marriage or adoption who lives with *you.*" Sylvia Ballmer's assertion is irrelevant because the household exclusion does not contain the term "relative;" the exclusion denies coverage for any bodily injury to "ANY MEMBER OF AN *INSURED'S* FAMILY."

██ The Ballmers assert that State Farm is obligated to "defend and indemnify" Wilbur Ballmer. The parties do not dispute that State Farm is obligated to provide liability coverage in an amount up to $25,000. The Motor Vehicle Financial Responsibility Law, §§ 303.010–.370, renders the otherwise applicable household exclusion unenforceable up to the statutory liability limits. *Halpin,* 823 S.W.2d at 480. The financial responsibility law, insofar as it is relevant to the present case, requires motorists to maintain $25,000 of liability insurance. § 303.190.2(2). An insurer may grant "coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions" of the law. § 303.190.7. The household exclusion is, therefore, unenforceable "insofar as it purports to deny coverage in the amounts mandated by § 303.190.2, but valid as to any coverage exceeding those amounts." *State Farm Mut. Auto. Ins. Co. v. Zumwalt,* 825 S.W.2d 906, 909 (Mo.App. 1992); *see Halpin,* 823 S.W.2d at 482–83.

██ The Ballmers' argument that State Farm was obligated to defend Wilbur Ballmer must fail. The financial responsibility law does not contain a requirement that motor vehicle liability policies afford coverage for the defense of claims. If an insurance policy affords such coverage, it is in excess of the coverage mandated by the law. *State Farm Fire & Cas. Co. v. Metcalf,* 861 S.W.2d 751, 755 (Mo.App.1993). The insurance policy issued to Kulenkamp provided coverage in excess of $25,000 for bodily injury. The policy obligated State Farm to defend suits brought

against an insured for damages arising out of an automobile accident. State Farm was further obligated to pay court costs, bond premiums, and expenses incurred by an insured for lost wages attending trial. The policy also covered expenses necessary for first aid to others, as well as for other expenses incurred at State Farm's request. The financial responsibility law is not intended to protect negligent motor vehicle operators; the purpose "is to make sure that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators." *Halpin*, 823 S.W.2d at 482. A policy provision that excludes coverage for defending a suit brought by an injured person does not, therefore, frustrate the purpose of the law. *Metcalf*, 861 S.W.2d at 755. State Farm is not obligated to defend Wilbur Ballmer.

State Farm contends that the trial court erred in declaring that it has no right to defend Wilbur Ballmer in the wrongful death action or to intervene on its own behalf. State Farm argues that, after the Ballmers' § 537.065 agreement, it is the only party with an interest in defending the suit. State Farm asserts constitutional rights to due process and access to the courts.

As to State Farm's first argument, the law is well established that Wilbur Ballmer has the right to reject a tendered defense with a reservation of rights. *Butters v. City of Independence*, 513 S.W.2d 418, 424–25 (Mo.1974). It is unnecessary to address State Farm's alternative assertion that it has a right to intervene in the wrongful death action for the reason that State Farm has not attempted to do so. State Farm may seek to intervene in that action pursuant to Rule 52.12(a)(2). In the event of an adverse judgment, State Farm may appeal. *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290–91 (Mo. banc 1978).

The trial court's judgment is affirmed in part and reversed in part and the cause remanded.

All concur.