Sylvia Lee **BALLMER**, Respondent,

v.

Wilbur Lynn **BALLMER**, Respondent,

**State Farm Mutual Auto Insurance Company, Intervenor–Appellant.**

No. WD 51253.

Missouri Court of Appeals,
Western District.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

Edward W. Mullen, Kansas City, for Appellant.

Andrew Jay Gelsbach, Warrensburg, for Respondent Sylvia Lee Ballmer.

Leonard K. Breon, Warrensburg, Phillip Sanford Smith, Kansas City, for Respondent Wilbur Lynn Ballmer.

Before FENNER, C.J., P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

FENNER, Chief Judge.

State Farm Mutual Automobile Insurance Company ("State Farm") appeals from the trial court's denial of its motion to intervene in a wrongful death action filed by Sylvia Ballmer against her son, Wilbur Ballmer, arising out of the death of Daniel Ellis, Sylvia's son and Wilbur's half-brother, in an automobile accident in which Daniel was a passenger in a vehicle driven by Wilbur Ballmer.

This is the second time this case has come before this court. The record reveals that on September 18, 1991, Sylvia Ballmer filed this wrongful death suit against Wilbur Ballmer. State Farm provided a policy of insurance to Sharon Kulenkamp, Wilbur's half-sister and the owner of the car he was driving at the time of the accident in question. State Farm retained an attorney for the purpose of filing an answer to the lawsuit. The attorney was instructed to appear and defend Wilbur pursuant to a reservation of State Farm's right to withdraw from the defense and deny liability under the household exclusion provision in the policy issued to Kulenkamp. Wilbur refused State Farm's offer and asked the attorney hired by State Farm to withdraw from the case.

State Farm filed a declaratory judgment action on November 21, 1991, asking the court to find that the policy issued to Kulenkamp did not cover Wilbur or Daniel because of the household exclusion provision in the policy. State Farm also filed a motion for leave to intervene in the wrongful death suit for the purpose of seeking a stay of those proceedings. In a letter to Sylvia Ballmer's attorney dated November 21, 1991, State Farm discussed the case of *Halpin v. American Family Mutual Insurance Company* which, at the time, was pending before the Supreme Court of Missouri, stating that *Halpin* would possibly decide the validity of the

household exclusion clause. State Farm claimed that if *Halpin* resolved the exclusion clause issue adverse to its position, it would promptly pay its $25,000 policy limits to Sylvia Ballmer in exchange for a dismissal with prejudice of the wrongful death case and a full release of Wilbur Ballmer.

Unbeknownst to State Farm, Sylvia Ballmer and Wilbur Ballmer executed a settlement agreement on December 2, 1991, pursuant to § 537.060 and § 537.065, RSMo 1986, which released Wilbur from the wrongful death claim and agreed that Sylvia would limit her recovery to the proceeds of the State Farm insurance policy. Prior to the convening of the hearing on State Farm's motion for leave to intervene to stay the wrongful death action, counsel for the Ballmers filed an offer of judgment and a purported acceptance of such offer, both dated December 9, 1991, in which Wilbur Ballmer confessed judgment in the amount of $1,500,000. Following the hearing on the motions for leave to intervene and for a stay, the court granted the motions and declined to act on the offer of judgment and acceptance.

State Farm filed a motion to vacate the purported offer of judgment and acceptance on December 10, 1991, setting forth the relationship between the parties and arguing that the amount of the purported settlement, the relationship between the parties, and the facts and circumstances of the case illustrated that the offer and acceptance constituted a sham and artifice designed to perpetrate a fraud upon State Farm and upon the court's own processes. Because the wrongful death action was stayed, the trial court has neither heard the motion nor taken any action on the purported offer and acceptance of judgment.

On January 28, 1992, the Supreme Court issued an opinion in the *Halpin* case determining that the Missouri Motor Vehicle Financial Responsibility Law, §§ 303.010—.370 rendered an otherwise applicable household exclusion unenforceable up to the minimum statutory liability limits. 823 S.W.2d 479, 480 (Mo. banc 1992). The household exclusion was, however, valid as to any coverage exceeding the minimum financial responsibility amounts. *Id.* at 482–83; *State Farm Mut. Auto. Ins. Co. v. Zumwalt,* 825 S.W.2d 906,

909 (Mo.App.1992). State Farm thereafter tendered $25,000 to Sylvia Ballmer in settlement of the wrongful death claim, but the offer was rejected. State Farm also renewed its offer to defend Wilbur with a reservation of rights, which was again refused.

In August 1993, the declaratory judgment action was tried in the Circuit Court of Henry County. The court held that the insurance policy afforded no liability coverage for the death of Ellis by reason of the household exclusion, but that State Farm was obligated to provide liability coverage of $25,000, the minimum financial responsibility limits required by Missouri law, pursuant to the *Halpin* decision. The court also declared that State Farm had no duty to defend or indemnify Wilbur in the wrongful death action, could not do so without his consent, and had no right to intervene in the wrongful death action. Sylvia Ballmer, Wilbur Ballmer, and State Farm all appealed the trial court's judgment to this court. We affirmed the trial court's ruling in an unpublished opinion authored by Judge Paul M. Spinden and transferred the case to the Missouri Supreme Court.

In *State Farm Mut. Auto. Ins. Co. v. Ballmer,* 899 S.W.2d 523 (Mo. banc 1995) (*Ballmer I* ), the Supreme Court affirmed the trial court's determination that State Farm was obligated to provide $25,000 of liability coverage pursuant to *Halpin* despite the applicable household exclusion, and that State Farm had no duty to defend Wilbur Ballmer and could not do so without his consent. *Ballmer I,* 899 S.W.2d at 526–27. The court, however, reversed the trial court's determination that State Farm had no right to intervene in the underlying wrongful death action, stating:

> [I]t is unnecessary to address State Farm's ... assertion that it has a right to intervene in the wrongful death action for the reason that State Farm has not attempted to do so. State Farm may seek to intervene in that action pursuant to Rule 52.12(a)(2). In the event of an adverse judgment, State Farm may appeal.

*Id.* at 527. Thereafter, on June 1, 1995, State Farm filed a motion to intervene in the wrongful death action, claiming that it is

entitled to defend its interests in the action pursuant to Rule 52.12(a)(2), and that a denial of its right to defend would deprive State Farm of due process and unconstitutionally deny it access to the courts. State Farm's motion was heard on June 12, 1995, and denied by the trial court. This appeal followed.

## I. *STANDARD OF REVIEW*

The applicable standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court denying State Farm's motion to intervene will be reversed if it erroneously declares or applies the law. The burden is on State Farm, the intervenor, as pleader, to show all the elements required for intervention as of right pursuant to Rule 52.12. *McDaniel v. Park Place Care Ctr., Inc.*, 861 S.W.2d 179, 180 (Mo.App.1993).

## II. *STATE FARM'S RIGHT TO INTERVENE*

The manner in which one not a party to an action may establish an interest in the subject matter of the dispute and protect that interest is by intervention. *State ex rel. Hughes v. Smith*, 485 S.W.2d 646, 651 (Mo.App.1972). In Missouri, intervention as a matter of right is governed by Rule 52.12(a), which states that intervention shall be permitted upon timely application if:

> [T]he applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the rule indicates, a would-be intervenor must meet three requirements in order to intervene as a matter of right: (1) an interest in the subject matter; (2) a disposition of the action that may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties. *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 479 (Mo.App., 1992). If an applicant meets these requirements, thereby satisfying the burden

of proof, the right to intervene is absolute. *Id.* at 478–79. A motion to intervene may be denied if any one of the requirements is not met. *In re Estate of Potashnick*, 841 S.W.2d 714, 719 (Mo.App.1992).

State Farm claims it satisfies the three requirements for intervention as a matter of right because it has a claim or interest in the transaction as a result of $25,000 in liability insurance coverage it must provide if a judgment is entered in Sylvia Ballmer's favor. Additionally, the settlement agreement between Sylvia and Wilbur Ballmer indicates Sylvia will try to collect the full judgment from State Farm and not seek recovery from Wilbur. Second, State Farm claims its ability to protect this interest will be impaired or impeded by the judgment sought by Sylvia Ballmer in the wrongful death claim because "it is apparent plaintiff [Sylvia Ballmer] expects to contend that the amount of any judgments she obtains cannot be contested by State Farm in any later action, whether by garnishment or a subsequent proceeding to collect the entire judgment including excess over policy limits." Finally, State Farm claims its interests will not be adequately represented by the existing parties because Wilbur Ballmer has already agreed to confess judgment in a large amount under the § 537.065 agreement with Sylvia Ballmer.

As to whether State Farm has an "interest" in the underlying action, this court has stated that "the liability of an insurer as a potential indemnitor of the judgment debtor does not constitute a direct interest in such a judgment as to implicate intervention as a matter of right." *Whitehead*, 844 S.W.2d at 479; *see also Estate of Langhorn v. Laws*, 905 S.W.2d 908, 910 (Mo.App.1995). As we explained in *Whitehead* and *Estate of Langhorn*, an insurer does not have an interest that implicates the rule until the insurer is called upon to make indemnity as to the judgment; it is when a claim for potential indemnity becomes a demand for actual indemnity that the right of the insurer to intervene accrues. 844 S.W.2d at 479, 905 S.W.2d at 910.

There has been no direct call by any party upon State Farm to indemnify any judgment

premised on the alleged negligent acts of Wilbur Ballmer. Though Sylvia and Wilbur Ballmer, plaintiff and defendant, respectively, have entered into a § 537.065 settlement agreement that states Sylvia will only seek recovery on the proposed offer of judgment from State Farm, the proposed offer has not been addressed by the trial court. We do not believe the language of the settlement agreement is sufficient to constitute a call for indemnification from State Farm so as to give rise to an interest that will support a motion to intervene as a matter of right because no judgment has been entered against State Farm or its insured.

We do not believe State Farm has established that it has an "interest" in the underlying wrongful death action to justify intervention as a matter of right. We further note that any "interest" State Farm argues to exist in the cause at hand has been determined by the outcome of the declaratory judgment action resolved in *Ballmer I.* State Farm's claim of intervention as a matter of right does not satisfy the standards provided in Rule 52.12 for such a claim. The trial court did not err in denying State Farm's motion to intervene.

### III. *STATE FARM'S CONSTITUTIONAL CLAIMS* [1]

State Farm claims that a denial of its alleged right to intervene in the wrongful death action pursuant to Rule 52.12 constitutes a denial of its right of access to the courts protected by Mo. CONST. art. I, § 14 (1945), and its due process rights protected by Mo. CONST. art. I, § 10 (1945) and the U.S. CONST. amend. XIV. State Farm concludes that due to the terms of the settlement agreement between Sylvia Ballmer and Wilbur Ballmer, it is the only party from whom Sylvia will seek to collect the judgment, therefore it has an interest it must be allowed to protect.

■ Insurers cannot force insureds to accept a reservation of rights defense. *State ex rel. Mid–Century Ins. Co., Inc. v. McKelvey,* 666 S.W.2d 457, 459 (Mo.App.1984). When insureds exercise their right to reject the defense, insurers can act in one of three ways: (1) They may represent the insured without a reservation of rights defense; (2) They may withdraw from representing the insured altogether; or (3) They may file a declaratory judgment action to determine the scope of their policy's coverage. *Id.* State Farm chose the third option.

■ An insurers' decision to file a declaratory judgment action rather than to drop their reservation of rights defense is a risky one. *Whitehead,* 844 S.W.2d at 481. That decision is treated as a refusal to defend an insured, *Butters v. City of Independence,* 513 S.W.2d 418, 425 (Mo.1974), and, if unjustified, the insurer is treated as if it waived any control of the defense of the underlying tort action. *Whitehead,* 844 S.W.2d at 481. An insurer may not reserve the right to disclaim coverage and simultaneously insist upon controlling the defense. *Id.* at 480.

> The insurer has the opportunity to control the litigation by accepting the defense without reservation. If it elects some other course it forfeits its right to participate in the litigation and to control the lawsuit. If its decision concerning coverage is wrong it should be bound by the decision it has made.

*State ex rel. Rimco, Inc. v. Dowd,* 858 S.W.2d 307, 309 (Mo.App.1993).

Recognizing the dilemma an insurer is in when it believes it has a valid defense to coverage, the courts have provided that the insurer may file a declaratory judgment action to determine whether its policy provides coverage. *McKelvey,* 666 S.W.2d at 459. The insurer also may ask that the underlying

---

1. This portion of our opinion is derived predominantly from the opinion of another panel of this court in our unpublished decision in *Ballmer I.* In the opinion authored by Judge Paul M. Spinden, the alleged violation of State Farm's constitutional rights as a result of a denial of its motion to intervene was fully addressed. As we have noted, the Supreme Court determined that there was no need to address this issue in their opinion because State Farm had not yet moved to intervene in the wrongful death action. Now that State Farm has timely appealed the denial of its motion to intervene in the wrongful death action, the issue is properly before this court. Having reviewed the opinion authored by Judge Spinden, we find it to have accurately resolved the question presented to us and adopt a substantial portion of that opinion as our own below.

tort suit be stayed until the declaratory judgment action is decided. *Id.* That, however, is the extent of protection the insurer receives in these situations. State Farm, having taken advantage of all protection due it under the circumstances, is not entitled to more.

■ State Farm chose to continue asserting a reservation of rights defense through its declaratory judgment action. The law treats that decision as a refusal to defend.[2] As a result, State Farm has given up its right to involve itself in the defense of Wilbur Ballmer.

State Farm asserts, however, that it has an independent right to intervene in the wrongful death suit because it has an interest in the case that is not being protected by the parties. As we determined in the preceding portion of this opinion, any claimed interest by State Farm, if such exists, is not sufficient to require intervention as a matter of right. That a settlement has been reached between Sylvia Ballmer and Wilbur Ballmer has no effect on the issue, especially when that settlement has not yet been approved by the court. *Whitehead,* 844 S.W.2d at 480. Because State Farm has no recognizable interest on which to base its constitutional claims, those claims must fail. *See, e.g., Horner v. David Distrib. Co.,* 599 S.W.2d 100, 102 (Mo. App.1980) (Mo. Const. art. I, § 14 is "of no aid to plaintiffs unless their petition alleges a claim recognized by law"); *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 230 (Mo. banc 1982) (before due process can be threatened a deprivation of a constitutionally-protected interest must be implicated). State Farm's constitutional challenges are without merit.

## IV. *CONCLUSION*

State Farm has failed to satisfy the elements required for intervention as a matter of right pursuant to Rule 52.12. Also, because State Farm has failed to establish a sufficient interest in the wrongful death action, its constitutional claims must fail. State Farm has already taken advantage of all the protection it is due under current Missouri law.

All Concur.

---

**2.** The Supreme Court found State Farm's refusal in this case to be justified when it determined State Farm had no duty to defend Wilbur Ballmer.