James A. AUGSPURGER, et al.,
Plaintiff–Respondent,

v.

MFA OIL COMPANY, Augusta Investment Corporation, and Sprigg Lane Investment Corporation, Defendants,

Federal Insurance Company, Proposed Intervenor, Appellant.

Nos. WD 52140, WD 52196.

Missouri Court of Appeals,
Western District.

March 25, 1997.

David R. Smith, Overland Park, KS, Kirk Rowan Presley, Kansas City, for plaintiff-respondent.

Paul L. Wickens, St. Louis, for defendants.

Beth C. Boggs, Mark R. Bates, St. Louis, ·for appellant.

Before BRECKENRIDGE, P.J., and LAURA DENVIR STITH and HOWARD, JJ.

HOWARD, Judge.

The issues in this case are whether Federal Insurance Company ("Federal"), an excess insurer which has denied coverage to certain defendants in tort litigation, is nevertheless entitled to (1) stay the litigation pending another court's decision on whether Federal's excess policy provided coverage for the underlying occurrence, or to (2) intervene as a matter of right in the litigation. This court holds that the trial court properly denied both the motion to stay and the petitions to intervene.

This case arose out of a December 25, 1992, incident in which four persons died, three persons were rendered comatose, and two more were seriously injured from carbon monoxide poisoning inside a residence. The plaintiffs in the tort litigation sued a number of entities connected to the design, sale, and use of a propane furnace/wood stove heating system. Two of the entities sued were Sprigg Lane Investment Corporation ("Sprigg Lane") and its subsidiary Augusta Investment Corporation ("Augusta"). The other defendants reached a settlement agree-ment with the plaintiffs, leaving Sprigg Lane and Augusta as the sole remaining defendants in the tort litigation.

Liberty Mutual Insurance Company ("Liberty Mutual") provided primary coverage to Sprigg Lane and Augusta under a general liability policy with a limit of $1,000,000.00. Federal provided excess coverage to Sprigg Lane in the amount of $10,000,000.00 over Liberty Mutual's policy limit. Federal denied coverage under its policy, citing a policy exclusion which it claimed applied to the occurrence that gave rise to the tort litigation.

On September 26, 1995, Federal filed a declaratory judgment action in the U.S. District Court for the Eastern District of Missouri, seeking a judicial declaration that its policy did not cover the incident of December 25, 1992. In October of 1995, while this action was pending, Sprigg Lane, Augusta, and Liberty Mutual entered into a settlement agreement with the plaintiffs pursuant to § 537.065. The agreement provided that, in exchange for a payment of $1,000,000.00 by Liberty Mutual under its primary policy, the plaintiffs would limit the execution of any judgment which they might obtain against Sprigg Lane and Augusta to the recovery of assets from Federal under its excess policy. Sprigg Lane and Augusta also agreed that the litigation would proceed to a bench trial on the issue of liability and damages, and that they would not present evidence or cross-examine witnesses at the trial, nor would they appeal from any judgment that was entered.

Upon receiving notice that the parties had entered into a settlement agreement, Federal filed a motion for permissive intervention in the case for the specific purpose of seeking a stay of the circuit court proceedings pending resolution of the declaratory judgment action in the U.S. District Court. The circuit court granted the motion to intervene, and Federal filed its motion to stay, which was denied by the circuit court. The circuit court then granted an oral motion to dismiss Federal as an intervenor.

On October 20, 1995, the agreement was approved by the circuit court, which found it to be fair, reasonable, and a good faith par-

tial settlement of the litigation. Then, on or about November 15, 1995, Federal filed a Petition for Intervention as a Matter of Right, claiming that it was entitled to intervene because, in the wake of the court-approved settlement agreement, Sprigg Lane's and Augusta's claim for potential indemnity had become a demand for actual indemnity, and because there was no party adequately protecting the rights of Federal, as Federal was the only party with an interest in presenting a defense in the circuit court proceedings.

Federal's petition to intervene as a matter of right was denied by the trial court on November 16, 1995. The next day, Federal filed a petition for a writ of mandamus, asking this court to order the circuit court to grant Federal's petition to intervene. On November 21, 1995, this court denied, without opinion, Federal's petition for a writ of mandamus.

The circuit court proceeded with a bench trial on November 22, 1995. On December 5, 1995, the circuit court entered a judgment in favor of plaintiffs and against Sprigg Lane and Augusta in the amount of $12,735,000.00. Liability against Augusta and its alter ego Sprigg Lane was premised upon the sale of a defective product. On December 22, 1995, Federal filed a renewed petition to intervene as a matter of right for the purpose of filing post-trial motions, arguing that with the entry of judgment in the case, Federal had an actual interest justifying its intervention. Federal's renewed petition to intervene was denied by the circuit court.

The plaintiffs then instituted garnishment proceedings pursuant to the judgment, and the U.S. District Court for the Western District of Missouri dismissed Federal's declaratory judgment action on the ground that the claims of all concerned could be satisfactorily adjudicated in garnishment proceedings. Federal then removed the garnishment proceeding to the District Court. Subsequently, plaintiffs filed a Petition for Declaratory Judgment, Coercive Relief, Conspiracy and Equitable Garnishment, and Federal also removed that proceeding to the District Court.

■ In its first point on appeal, Federal claims that the circuit court abused its discretion by denying Federal's motion to stay the circuit court proceedings pending the resolution of Federal's declaratory judgment action in the U.S. District Court. Federal argues that it has a legitimate coverage dispute and that fairness dictates the granting of a stay in order to protect the rights of all concerned.

■ As a threshold matter, we note that the legal file contains no record of the proceeding in which the circuit court denied Federal's motion to stay, so we know nothing of the circumstances surrounding the decision to deny the motion. It was Federal's responsibility to prepare an adequate legal file, and the legal file does not contain sufficient information for us to evaluate Federal's claim of an abuse of discretion; therefore, we have nothing to review. *State v. Christina*, 911 S.W.2d 319, 320–321 (Mo.App.1995).

In any event, a trial court's decision to deny a motion for a stay of proceedings cannot be disturbed on appeal unless the decision was a clear abuse of the trial court's discretion. *Lodigensky v. American States Preferred Ins. Co.*, 898 S.W.2d 661, 667 (Mo.App.1995). In the case at bar, such a determination was within the trial court's discretion, given the delay that would result in the trial of the action. *Id.*

Federal attempts to distinguish *Lodigensky*, as well as its predecessor, *State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307 (Mo.App.1993) by arguing that, unlike the insurers in those cases, Federal is an excess insurer without a duty to defend. But *Lodigensky*'s mention of an insurer's duty to defend is rooted in a broader policy determination, namely, that when a coverage question is present, an insurer should be bound by the decision it has made on that issue, and there is no fairness in shifting this burden to the plaintiff in the form of a delay. *See Lodigensky*, 898 S.W.2d at 667 (quoting *Rimco*, 858 S.W.2d at 309); *See also* 7C J. Appleman, *Insurance Law and Practice*, § 4681, pp. 8–9 (Berdal ed. 1979) (the duty to defend is secondary to the more fundamental duty to pay the insured's legal liability for the specified contingencies). In light of this broader policy determination, the trial court did not

abuse its discretion in denying Federal's motion to stay. Point denied.

In its second point on appeal, Federal claims that the trial court erred by denying its petitions to intervene as a matter of right. Federal argues that it has the right to intervene because it has an interest in the subject matter of the action, its ability to protect its interest is impaired, and its interest is not adequately represented by the existing parties.

■ The respondents argue that the trial court's denial of the petitions to intervene as a matter of right should be affirmed on the basis of *res judicata.* Respondents note that Federal has already filed a petition for a writ of mandamus with this court challenging the trial court's denial of its petition to intervene. This court denied that petition without opinion.

The mere denial of a writ does not necessarily reflect any view by this court regarding the merits of the cause, and therefore the doctrine of *res judicata* does not apply under such circumstances. *Moore v. Pelzer,* 710 S.W.2d 416, 422 (Mo.App.1986); *State ex rel. Albert v. Adams,* 540 S.W.2d 26, 30 (Mo. banc 1976). As *res judicata* does not apply here, we will address Federal's point on the merits.

■ In order to intervene as of right in an action, an applicant must satisfy the three requirements of Rule 52.12(a), which are: (1) an interest in the subject matter of the action, (2) the disposition of the action may impede the applicant's ability to protect that interest, and (3) inadequate representation of that interest by existing parties. *Estate of Langhorn v. Laws,* 905 S.W.2d 908, 910 (Mo. App.1995). The burden is on the would-be intervenor to establish the presence of all the elements required for intervention as of right. *Id.*

■ A petition to intervene may be denied if any one of the requirements is not met. *Ballmer v. Ballmer,* 923 S.W.2d 365, 368 (Mo.App.1996). While Federal maintains that it satisfies all three conditions, we need only address the interest requirement in order to dispose of this point on appeal.

■ The type of "interest" required to intervene as of right in an action must be a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action. *Whitehead v. Lakeside Hosp. Ass'n,* 844 S.W.2d 475, 478–79 (Mo. App.1992). It must be such an immediate and direct claim upon the very subject matter of the action that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein. *Id.* at 479.

■ The liability of an insurer as a potential indemnitor of the judgment debtor does not constitute the type of interest required to intervene as of right because the insurer does not either gain or lose from the direct operation of that judgment. *Id.* It is when a claim for potential indemnity becomes a demand for actual indemnity that the insurer acquires the requisite interest to intervene as of right. *Id.*

Federal argues that it acquired the requisite interest when, upon entering into a settlement agreement with the plaintiffs pursuant to § 537.065, Sprigg Lane and Augusta jointly demanded that Federal pay its $10,-000,000.00 policy limit. This, Federal claims, transformed a claim for potential indemnity into a demand for actual indemnity, thereby conferring upon Federal the interest to intervene as of right.

The problem with Federal's argument is that, in this case, the transformation from potential indemnity to actual indemnity actually depends on not one but *two* contingencies. The first is the question of liability, which corresponds to the § 537.065 settlement agreement and to the ensuing bench trial, judgment, and demand for payment. The second contingency is the question of coverage, which has yet to be resolved, and which Federal is entitled to litigate in the pending garnishment proceedings. *Whitehead,* 844 S.W.2d at 479. Because the second contingency, that of coverage, is still an open question, Federal's potential indemnity has not been transformed into actual indemnity, and therefore Federal has not acquired the requisite interest to be entitled to inter-

vention as a matter of right. *See Whitehead,* 844 S.W.2d at 479–80; *Estate of Langhorn,* 905 S.W.2d at 910–11; *Lodigensky,* 898 S.W.2d at 664. Point denied.

In its third and fourth points on appeal, Federal claims that the circuit court's denial of its petitions to intervene as of right violated its due process rights and its right of access to the courts protected by Article I, § 14 of the Missouri Constitution. However, as we determined in addressing Federal's second point on appeal, Federal does not have a sufficient interest to require intervention as a matter of right, and because Federal has no recognizable interest on which to base its constitutional claims, those claims must fail. *Ballmer,* 923 S.W.2d at 370. Points denied.

For these reasons, we affirm the judgment of the circuit court denying Federal's motion to stay and its petitions to intervene as a matter of right.

All concur.