Daniel **BORGARD** and Christine
Borgard, Plaintiffs,

v.

**INTEGRATED NATIONAL LIFE
INSURANCE COMPANY, et
al., Defendants.**

**JEFFERSON NATIONAL LIFE
INSURANCE COMPANY,
Respondent,**

v.

**CITIZENS INSURANCE COMPANY
OF AMERICA, Appellant.**

No. 71358.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 30, 1997.

Russell F. Watters, Steven H. Schwartz, T. Michael Ward, Brown & James, St. Louis, for appellant.

Frank J. Kaveney, Richard D. Schreiber (argued), Schmitz, Kopman, Schreiber & Kaveney, P.C., St. Louis, for respondent.

AHRENS, Presiding Judge.

Citizens Insurance Company of America ("Citizens") appeals from the trial court's Order and Judgment denying Citizens' third motion to intervene as a matter of right pursuant to Rule 52.12(a) of the Missouri Rules of Civil Procedure in nine actions pending before the trial court. Citizens argues the trial court erroneously applied the law in finding Citizens did not have a sufficient interest in the underlying proceedings to warrant intervention as a matter of right to contest the issue of damages in the underlying cases. We affirm.

The record reveals the underlying actions involve nine lawsuits filed by Daniel and Christine Borgard (and eight other plaintiff couples or individuals in separately filed actions) against Integrated Resources Life Insurance Company, Loyalty Life Insurance Company, Great American Reserve Insurance Company f/k/a Jefferson National Life Insurance Company ("JNL"), Kentucky Central Life Insurance Company, Richard P. Martin, and Martin Insurance Agency, Inc. The plaintiffs alleged Richard Martin defrauded them when he convinced them to purchase certain single premium life insurance policies from JNL and the other insurance companies, alleging vicarious liability for the actions of Mr. Martin, their alleged agent, and direct liability in negligently hiring and retaining him as their agent.[1] Plaintiffs sought damages for economic loss, damages for emotional distress and punitive damages.

In each of the nine actions, JNL filed a third-party petition against Gary and Charlotte Leiendecker, seeking contribution for any and all sums which JNL may be found liable to the plaintiffs under any of the plaintiffs' underlying claims. JNL charged the Leiendeckers with negligently recommending Mr. Martin to the plaintiffs, who were the Leiendeckers' relatives, friends, and acquaintances. JNL also alleged the Leiendeckers intentionally misrepresented Mr. Martin's background and experience to the plaintiffs in order to receive financial gain and preferential treatment from him.

The Leiendeckers are insureds under a homeowners' policy issued by Citizens. The Leiendeckers tendered JNL's third-party actions to Citizens for defense and indemnification. Citizens provided the Leiendeckers with a defense in the third-party actions, while formally reserving its rights to deny coverage and to seek a declaration of noncoverage. Citizens retained an attorney to represent the Leiendeckers.

On August 25, 1995, Citizens filed a declaratory judgment action in the trial court seek-

---

**1.** The Plaintiffs' actions included claims for fraud, conversion, negligent hiring, violation of the Merchandising Practices Act, breach of contract, tortious breach of contract, promissory es-

toppel, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent misrepresentation.

ing a declaration that its homeowners' policy did not afford the Leiendeckers coverage for the claims against them. Citizens argued its policy afforded no coverage for either the plaintiffs' claims or JNL's third-party claims for contribution because the damages sought did not constitute damage claims for "bodily injury" as defined in Citizens' policy.

On December 21, 1995, the Leiendeckers discharged the attorney hired by Citizens to defend them in JNL's third-party actions. The same day, through their new counsel, the Leiendeckers offered to settle JNL's third-party claims. Under the proposed agreement, the Leiendeckers would consent to judgment against themselves which would be enforceable only as to any insurance proceeds available to the Leiendeckers under Citizens' policy.

Citizens filed its first motion to intervene on December 28, 1995 for the limited purpose of seeking a stay of the proceedings. The Leiendeckers demanded Citizens withdraw its coverage defenses and dismiss its declaratory judgment action. Citizens refused. The Leiendeckers then entered into the proposed settlement agreement with JNL pursuant to Section 537.065, RSMo 1994. JNL filed a motion for summary judgment against the Leiendeckers. Citizens filed a second motion to intervene to file a response to JNL's motion for summary judgment. The trial court denied both of Citizens' motions to intervene on the basis that Citizens had no direct and immediate interest in the underlying actions. The trial court sustained JNL's motion for summary judgment. The trial court has not held a hearing on damages nor apportioned liability for the plaintiffs' damages between JNL and the Leiendeckers.

Following the summary judgment order, JNL sent a letter to Citizens demanding payment in the amounts JNL paid to settle each of the nine lawsuits in which JNL filed third-party claims against the Leiendeckers. These settlements totaled $805,000.00. The letter set forth the individual settlement amounts and then stated:

> On behalf of our client, Great American Reserve Insurance Co., formerly known as Jefferson National Life Insurance Company, I hereby now make demand for payment of the above mentioned amounts in each of the above cases, pursuant to the homeowner's policy with Citizens Insurance Company of America of Gary J. Leiendecker and Charlotte Leiendecker.

In response, Citizens filed its third motion to intervene, pleading it now had a direct and immediate interest in contesting the amount of damages sought by JNL from the Leiendeckers, which JNL demanded Citizens pay. Citizens argued it had been called on to indemnify the judgment against the Leiendeckers as a result of the partial summary judgment against the Leiendeckers and subsequent demand from JNL. Citizens felt its ability to protect its interest was impaired, and absent intervention Citizens could not contest damages before the trial court. On August 26, 1996, the trial court denied Citizens' third motion to intervene finding Citizens' potential liability for damages as an indemnitor did not constitute a direct interest implicating an absolute right to intervene. This appeal from the trial court's denial of Citizens third motion to intervene followed.

On August 28, 1996, the trial court sustained Citizens' motion for summary judgment in the declaratory judgment action, holding Citizens' policy affords no coverage for the underlying claims against the Leiendeckers. On JNL's appeal, we affirmed the trial court's entry of summary judgment. *Citizens Ins. Co. of Am. v. Leiendecker,* 1997 WL 434801, No. 71213, —— S.W.2d —— (Mo. App.E.D., August 5, 1997). Recognizing a conflict between the Eastern and Western districts on whether "bodily injury" as defined in the policy is ambiguous and includes mental suffering, we transferred the case to the Missouri Supreme Court pursuant to Rule 83.02. *Id.* That case is pending in the Missouri Supreme Court.

Citizens argues on appeal of the present case that its right of intervention accrued once Citizens became subject to a demand to render immediate payment to JNL pursuant to JNL's Section 537.065 settlement with the Leiendeckers. Absent intervention, Citizens argues its ability to protect its interest will be impaired because no other party is adequately representing its interest in the underlying proceedings.

## I. STANDARD OF REVIEW

██ The applicable standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court denying Citizens' third motion to intervene will be reversed if it erroneously declares or applies the law. The burden is on Citizens, the intervenor, as pleader, to show all the elements required for intervention as of right pursuant to Rule 52.12. *McDaniel v. Park Place Care Ctr., Inc.*, 861 S.W.2d 179, 180 (Mo.App.1993).

## II. THE UNDERLYING ACTIONS

██ The Leiendeckers refusal to allow Citizens to defend under reservation of rights properly excluded Citizens from the underlying actions. *See State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307, 308 (Mo.App. 1993). Citizens had an opportunity to control the litigation by accepting the defense without reservation. By electing some other course it forfeited its right to participate in the litigation and control the lawsuit. *Estate of Langhorn v. Laws*, 905 S.W.2d 908, 911 (Mo.App.1995). An insurer must make a hard decision in determining whether to defend when a coverage issue exists. *Id.* If the decision concerning coverage is wrong the insurance company should be bound by its decision. *Id.*

## III. INTERVENTION AS A MATTER OF RIGHT

One not a party to an action may establish an interest in the subject matter of the dispute and protect that interest by intervention. *Ballmer v. Ballmer*, 923 S.W.2d 365, 368 (Mo.App.1996). In Missouri, intervention as a matter of right is governed by Rule 52.12(a) which states intervention shall be permitted upon timely application if:

> [T]he applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

██ To intervene as a matter of right, the following three requirements must be met: (1) the applicant has an interest in the subject matter; (2) a disposition of the action may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties. *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 479 (Mo.App. 1992). If an applicant meets these requirements, thereby satisfying the requisite burden of proof, the right to intervene is absolute. *Id.* at 478–79. The trial court may deny the applicant's motion to intervene if any one of the requirements is not met. *Langhorn*, 905 S.W.2d at 910.

Citizens claims it satisfies the three requirements for intervention as a matter of right. We need only address the interest requirement. Citizens argues it has a claim or interest in the subject matter as a result of the settlement agreement and JNL's subsequent demand for indemnity. We disagree.

██ In determining whether insurance companies have an "interest" in underlying actions, the Western District stated "the liability of an insurer as a potential indemnitor of the judgment debtor does not constitute a direct interest in such a judgment as to implicate intervention as a matter of right." *Ballmer*, 923 S.W.2d at 368 (quoting *Whitehead*, 844 S.W.2d at 479). An insurer has an interest implicating Rule 52.12 only when the insurer is called upon to make indemnity as to a judgment. *Ballmer*, 923 S.W.2d at 368. "[I]t is when a claim for potential indemnity becomes a demand for actual indemnity that the right of the insurer to intervene accrues." *Id.* The interest must be a "direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action." *Whitehead*, 844 S.W.2d at 479 (quoting *State ex rel. Farmers Muts. Auto. Ins. Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318, 321[4] (banc 1954)). In fact, the interest must be so immediate and direct that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein. *Id.* at 479.

Citizens argues it acquired the requisite interest because JNL entered into a settlement agreement with the Leiendeckers, obtained partial summary judgment and then sent Citizens a letter demanding payment. Citizens believes these events transformed a claim for potential indemnity into a demand for actual indemnity, creating a mandatory right of intervention and setting the present case apart from *Whitehead, Ballmer,* and *Langhorn.*

■ We agree that *Whitehead, Ballmer,* and *Langhorn* each affirm the denial of a motion to intervene in part because there had been no call or formal demand made upon the would-be intervenor to indemnify its insured. We, however, disagree with Citizens' contention that a formal demand for payment is alone, or in combination with a partial summary judgment, always sufficient to transform a claim for potential indemnity into a demand for actual indemnity. A demand for payment may or may not transform a claim for potential indemnity into a demand for actual indemnity. In the present case, Citizens' interest is not so immediate and direct that Citizens will lose by the direct operation of the judgment rendered.

We choose to follow *Augspurger v. MFA Oil Company,* 940 S.W.2d 934 (Mo.App.1997). In *Augspurger,* Federal Insurance Company filed a motion to intervene after its insureds, Sprigg Lane Investment Corporation and Augusta Investment Corporation, entered into a settlement agreement with the plaintiffs pursuant to Section 537.065. The agreement provided that the plaintiffs would limit the execution of any judgment which they might obtain to the recovery of assets from Federal under its policy. The insureds also agreed to proceed with a bench trial on the issue of liability and damages, that they would not present evidence or cross-examine witnesses at the trial, and that they would not appeal from any judgment entered. The trial court denied Federal's motion to intervene.

The trial court entered a judgment in favor of the plaintiffs and determined damages. Federal filed a renewed petition to intervene as a matter of right for the purpose of filing post-trial motions. Again, the trial court denied the motion to intervene. Not unlike the present case, Federal had filed a declaratory judgment action seeking a judicial declaration that its policy did not provide coverage. Upon plaintiffs' institution of garnishment proceedings against Federal, the court dismissed the declaratory judgment action on the ground that the claims could be properly adjudicated at that time. Federal appealed the denial of both its motions to intervene as a matter of right arguing a claim for potential indemnity transformed into a demand for actual indemnity.

The Western District held that the transformation from potential indemnity to actual indemnity depended on not one, but two contingencies. *Id.* at 937. The first, the question of liability, was resolved by the settlement agreement and the ensuing bench trial, judgment, and demand for payment. *Id.* However, the second contingency, the question of coverage, was still an open question because of the ongoing garnishment proceeding. *Id.* Therefore, Federal had no actual indemnity and lacked the requisite interest to be entitled to intervention as a matter of right. *Id.* at 937–38.

In the present case, Citizens won its declaratory judgment action in the trial court. We affirmed and transferred to the Missouri Supreme Court. The issue of coverage is still a contingency. Furthermore, unlike the situation in *Augspurger,* the damage issue remains contingent upon the trial court's determinations in the damage portion of the hearing. Thus, Citizens' liability for potential indemnity of the judgment debtor has not been transformed into actual indemnity. Citizens' interest is not so immediate and direct that it will lose by the direct operation of the judgment on damages rendered by the trial court. The declaratory judgment action regarding coverage is still pending before the Missouri Supreme Court. Additionally, Citizens could challenge the coverage issue in a garnishment proceeding. We recognize that a demand for indemnity is a crucial element to intervention as a matter of right in such actions. In the present case, however, JNL's demand is not sufficient to transform Citizens' liability into actual indemnity because of the coverage and damage contingencies.

Therefore, Citizens lacks the requisite interest necessary to intervene as a matter of right.

Citizens relies in part on the recent case of *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810 (Mo. banc 1997), arguing it adds credence to the conclusion that Citizens has a direct and immediate interest authorizing intervention to contest the amount of damages sought against its insured. In *Noble Broadcast*, the Missouri Supreme Court held an insurer has an absolute right to challenge a settlement pursuant to Section 537.065 on the ground that the amount of the settlement is unreasonable. *Id.* at 815–16.

*Noble Broadcast* does not involve an insurance company attempting to intervene as a matter of right. In fact, the insurer in *Noble Broadcast* challenged the settlement as unreasonable in an independent declaratory judgment action. Citizens has an absolute right to challenge its insureds' settlement on the ground that the amount of the settlement is unreasonable, once that amount is ascertained. In *Whitehead*, the Western District stated an aspersion of collusion cast against a settlement agreement is appropriately redressed by a petition for declaratory judgment or in the proceedings to enforce the indemnity obligation to the insured, not through a motion to intervene in the underlying case. *Whitehead*, 844 S.W.2d at 480–81. Similarly, in the present case, both a declaratory judgment action and a challenge in a garnishment proceeding are appropriate vehicles for Citizens to exercise its right to challenge the reasonableness of the settlement entered by its insured. *See Noble Broadcast*, 936 S.W.2d 810 (insurer challenged reasonableness in a declaratory judgment action).

The judgment of the trial court denying Citizens' third motion to intervene as a matter of right is affirmed.

CRANDALL and KAROHL, JJ., concur.