Arnold FLIPPIN, et al., Plaintiffs–Respondents,

v.

COLEMAN TRUCKING, INC., Defendant–Respondent,

v.

International Business & Mercantile Reassurance Company, Intervenor–Appellant.

No. ED 75907.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 29, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 2000.

Application for Transfer Denied June 27, 2000.

---

**18**

Ted L. Perryman, Roberts, Perryman, Bomkamp & Meives, P.C., St. Louis, for Appellant/Intervenor.

James P. Barton, Myerson & Barton, Kansas City, for Plaintiffs/Respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, International Business & Mercantile Reassurance Company, ("International"), appeals the judgment of the Circuit Court of the City of St. Louis, denying its two motions to intervene as a matter of right under Rule 52.12(a). The two appeals are consolidated. We affirm.

The underlying lawsuit arises out of a motor vehicle accident, which resulted in the death of Lori Ann Flippin, ("decedent"). The accident occurred on July 22, 1995, on the exit ramp of Interstate 55 at the intersection of U.S. highway 67 in Jefferson County, Missouri. Decedent, born on September 14, 1967, was travelling with her family south on Interstate 55. She exited the highway to proceed west on U.S. Highway 67. As she exited the highway, decedent observed an accident, which had occurred minutes before, on the exit ramp. She stopped her vehicle and went to offer assistance to an injured motorist. Decedent was approximately 40 feet away from the paved portion of the roadway. A few minutes later, a tractor-trailer operated by Coleman Trucking, Inc.'s driver, ("driver"), exited southbound Interstate 55 to likewise travel west on U.S. Highway 67. Driver lost control, skidded off the road, hit and decapitated decedent. Decedent was pronounced dead at the scene. Plaintiffs, Arnold J. Flippin (husband of decedent) and James F. Witt (father of decedent), ("plaintiffs"), filed a wrongful death action against defendant, Coleman Trucking, Inc., ("Coleman Trucking"), alleging that its driver was negligent in the operation of a tractor-trailer which struck, decapitated, and killed decedent.

At the time of this accident, Coleman Trucking had liability insurance with Jefferson Insurance Company, ("Jefferson"), and International. The liability limits with Jefferson and International were for $1,000,000 each. A dispute arose between the two insurance carriers and as a result of that dispute, a declaratory judgment

action was filed in the United States District Court for the Eastern District of Missouri. Both International and Jefferson agreed that they had coverage,[1] but the dispute is with regard to who is the primary carrier and who is the secondary carrier. Jefferson took the position that it is a primary carrier and that International is a co-primary carrier. International took the position that it was an excess carrier over Jefferson's limits of $1,000,000. Neither Coleman Trucking nor plaintiffs are party to that action.

Jefferson agreed to defend Coleman Trucking in the case at bar. Prior to trial, plaintiffs entered into a settlement agreement pursuant to section 537.065, RSMo 1994,[2] with Coleman Trucking and Jefferson. The agreement provided that Jefferson would pay plaintiffs the sum of $725,000. In exchange, plaintiffs would release Jefferson from any further obligations to pay. Plaintiffs allege that International was not involved in the settlement agreement because International was uncooperative.

On September 14, 1998, the trial court approved the settlement agreement after a hearing. Afterwards, plaintiffs presented evidence of damages. In addition, to the above facts, plaintiffs adduced further evidence, especially with regard to the actions of Joe Coleman, ("owner"), owner of Coleman Trucking. Owner arrived at the scene of the accident after he learned about it. Owner did not identify himself to the Highway Patrol officers who were at the scene of the accident. Upon arriving at the scene, owner proceeded to the tractor-trailer, tampered with the brakes, and left the scene of the accident. Plaintiffs also claimed that owner was aware of the driver's driving record and still allowed driver to continue driving their tractor-trailer. Plaintiffs alleged that according to Coleman Trucking's policy, a driver who

received two or three tickets in a period of three years would be terminated. Driver, in the past two years prior to the accident, had received three speeding tickets and he was still allowed to operate Coleman Trucking's truck. After plaintiffs finished presenting their evidence, the trial court took the case under submission.

The matter remained under submission until October 19, 1998, when International filed its first application to intervene. International also filed a motion to set aside the section 537.065 agreement and a motion to rule on the pending motions. Plaintiffs filed a memorandum in opposition to the various motions filed by International. On November 20, 1998, a hearing was held on all the motions filed by International. After hearing arguments, the trial court took the matter under submission.

On January 21, 1999, the trial court entered an order denying all of International's motions. On January 25, 1999, the trial court entered a judgment against Coleman Trucking and in favor of plaintiffs in the amount of $2,000,000. On February 8, 1999, plaintiffs filed a motion to amend or modify the judgment by asking for pre-judgment interest pursuant to section 408.040.2. On February 10, 1999, International filed a second application to intervene.

On February 23, 1999, a hearing was held by the trial court. The trial court denied International's application to intervene. On February 24, 1999, the trial court amended its previous judgment and awarded plaintiffs pre-judgment interest in the amount of $485,334.25. International appeals.

International raises one point on appeal. International argues that the trial court erred in denying its motions to intervene under Rule 52.12(a) because: 1) International has an interest in the pending litiga-

1. Interestingly, International denies coverage in a pending garnishment proceedings filed by plaintiffs in the Circuit Court of the City of St. Louis, Case No. 962–08537.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

tion, 2) the representation of International's interest by the existing parties was inadequate, and, 3) it is or may be bound by a judgment in the action.

The applicable standard of review for a denial of motion to intervene is found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The judgment of the trial court denying International's motion to intervene will be reversed if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Borgard v. Integrated Nat. Life Ins. Co.*, 954 S.W.2d 532, 535 (Mo.App. E.D.1997). The burden is on the intervenor, as pleader, to show all the elements required for intervention as a matter of right under Rule 52.12. *Id.*

Rule 52.12 provides:
(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 52.12(a)(1) is not applicable to this case because no statute authorizes International to intervene as a matter of right. However, International claims that Rule 52.12(a)(2) is applicable to it in this case. In its first motion to intervene, International accepted its obligation to pay all sums Coleman Trucking legally must pay as damages. International stated that it never declined coverage nor reserved its right. With regard to the issue of whether International has an interest in the pending litigation or not, it stated: "[s]ince [International] is potentially liable for any judgment entered by the Court, [International] will either gain or lose by the direct operation of the judgment." Therefore, International claimed it has an interest in the pending litigation. After the trial court denied International's first motion to intervene and entered judgment for the plaintiffs, International filed another motion to intervene. In its second application to intervene, International stated: "[t]he position of [International] is different from the position it took prior to the Court's judgment of January 25, 1999. Now, [International] is clearly an interested party with the right to intervene since a judgment has been rendered and nothing in section 537.065 prohibits same." International continued: "[s]ince [International] is bound by the judgment previously entered by the Court, [International] will either gain or lose by the court's amendment of its previous order to include pre-judgment interest."

In Missouri, to intervene as a matter of right under Rule 52.12(a)(2), three requirements must be met: 1) would-be intervenor must show interest in the subject matter, 2) would-be intervenor must show that disposition of the action may impede its ability to protect that interest, and 3) that its interest are not adequately represented by existing parties. *Borgard*, 954 S.W.2d at 535. The trial court may deny the motion to intervene if any one of these requirements is not met. *Id.*

The "interest" in question "means a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action ... [T]he 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervenor will either gain or lose by the *direct operation* of the judgment that may be rendered therein." *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 479 (Mo.App. W.D.1992) (quoting *State ex rel. Farmers Mut. Auto. Ins. Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318, 321[4] (banc 1954)). "The liability of an insurer as potential indemnitor of the

judgment debtor does not constitute a direct interest in such a judgment so as to implicate intervention as of right in that action." *Whitehead,* 844 S.W.2d at 479. "An insurer does not have an interest that implicates the rule until the insurer is called upon to make indemnity as to the judgment." *Id.* "It is when a claim for potential indemnity becomes a demand for actual indemnity that the direct interest [right] of the insurer to intervene in the other action accrues." *Id.*

In the case at bar, at the time International filed its motions to intervene, there was no call on International to indemnify the judgment against Coleman Trucking and there was no suit to enforce the obligation to make indemnity. International's interest, as a potential indemnitor of the judgment against Coleman Trucking, does not constitute a direct interest in such a judgment as to implicate intervention as of right in that action. We conclude that International's interest does not amount to a direct interest in the judgment, so as to implicate its right to intervene as a matter of right.

However, relying on *Augspurger v. MFA Oil Co.,* 940 S.W.2d 934 (Mo.App. W.D.1997), International argues that it has the requisite interest to intervene as a matter of right. International argues that *Augspurger* requires an insurer to satisfy two contingencies in order to have the requisite interest to intervene. International claims that it satisfies the two contingencies. With regard to the first contingency, International states: "[i]n *Augspurger v. MFA Oil Co.,* 940 S.W.2d at 937, the court held that when the plaintiff and defendant-insured enter into a section 537.065 agreement, the first contingency has been satisfied. This transforms the claim from one of potential indemnity to one of actual indemnity. Thus, International has satisfied the first contingency. The plaintiffs and Coleman Trucking entered into a section 537.065 agreement."

We do not read *Augspurger* in such a way. In *Augspurger,* the court stated: "the transformation from potential indemnity to actual indemnity actually depends on not one but *two* contingencies. The first is the question of liability, which corresponds to the section 537.065 settlement agreement and to the ensuing bench trial, judgment, and demand for payment." *Augspurger,* 940 S.W.2d at 937. *Augspurger* does not hold that entering into a section 537.065 settlement agreement only satisfies the first contingency. To satisfy the first contingency, a demand for payment on the judgment must be made. In the present case, at the time International filed its motions to intervene, the record did not support that a demand for payment was made on International. Thus, International's reliance on *Augspurger* is mistaken.

Based on the foregoing, the judgment of the trial court denying International's two motions to intervene under Rule 52.12 is affirmed.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.