**STATE ex rel. MID–CENTURY INSURANCE COMPANY, INC., Relator,**

v.

**Hon. Richard B. McKELVEY, Respondent.**

**No. WD 35212.**

Missouri Court of Appeals, Western District.

Feb. 21, 1984.

Lance W. LeFevre, Kansas City, for relator.

Timothy L. Brake, Kansas City, for respondent.

Before NUGENT, P.J., and DIXON and KENNEDY, JJ.

KENNEDY, Judge.

The facts of this case are as follows:

Jeffrey Alan Sparks brought an action against Peter Hernandez for injuries sustained by him when he was struck by a dirt bike operated "over a lawn" at a Kansas City, Missouri, address. Both plaintiff and defendant were minors. Mr. Robert L. Rodarte, a Kansas City attorney, was appointed guardian ad litem for Hernandez. Rodarte wrote Mid-Century Insurance Company, enclosing the petition and summons, demanding "that you defend this suit *without any reservation of rights* under the terms of your homeowners policy No. M20334814 issued by Mid-Century Insurance Company to Peter Hernandez' parents, Mr. and Mrs. Eugenio Hernandez..."

Mid-Century declined to assume the defense of the minor defendant without reservation. In a letter to Mr. Rodarte, Mid-Century's attorney said: "Accordingly Mid-Century Insurance Company, Inc., herewith offers to assume the defense of this action with reservation of Mid-Century's rights to deny coverage for any judgment which might be obtained on the grounds that the loss arises out of the use of a motor vehicle and therefore is excluded by the policy".

Hernandez' guardian ad litem declined to accept the tendered defense.

Mr. Rodarte filed no answer to the Sparks' petition, and the plaintiff filed a motion for a default judgment. The case is now pending in the Circuit Court of Jackson County upon said motion for default judgment. No default judgment has been taken; the matter has been stayed by the circuit court pending the outcome of this mandamus proceeding.

Mid-Century Insurance Company filed its application for leave to intervene, describing its predicament, and asking the order of the court "granting it leave to intervene in defense of the above styled cause". That motion was denied by the circuit court and Mid-Century has come here, seeking our writ of mandamus to require the court to set aside its denial of the application to intervene, and compelling him to enter a new order allowing relator "to intervene and file its answer" in the *Sparks v. Hernandez* lawsuit. We issued our alternative writ.

We take it that what Mid-Century is trying to do is to assert a defense for Hernandez against Sparks' petition for damages. It appears to Mid-Century that the Sparks claim will go undefended and that a default judgment will be rendered against Hernandez. Mid-Century will then be exposed to a liability upon its policy, without having had an opportunity to oppose the underlying

claim, either as to liability or damages. See *Lane v. Hartford Fire Ins. Co.,* 343 F.Supp. 79, 85, 86 (E.D.Mo.1972).

The basic question, then, is whether Hernandez must accept the tendered defense with reservation of Mid-Century's right to deny policy coverage. The answer is that he is not required to do so. So holds *Butters v. City of Independence,* 513 S.W.2d 418, 424, 425 (Mo.1974), and see also *Krenitsky v. Ludlow Motor Company, Inc.,* 276 A.D. 511, 96 N.Y.S.2d 102 (1950); 7C APPLEMAN, INSURANCE LAW AND PRACTICE, § 4686 (1979). In *Butters,* the court noted that the insurance company, unlike Mid-Century in the case before us, had declined to give its insured its reason for denying coverage, but we do not think that difference in the two cases is a substantial one.

There are good reasons for this. The insurance company, if it were reserving a right to deny coverage under its policy, would be more or less zealous in its defense of the claim depending upon its evaluation of its exposure under its policy. Nothing chills one's zeal for a defense so much as the belief that, even if he loses, it will cost him nothing. There would in many instances be a conflict of interest on the insurance company's part, or a division of interest, with the insurance company being as much interested in establishing facts which would result in non-coverage as in establishing facts showing the insured's non-liability. The defense would be encumbered by the overhanging issue of policy coverage.

That being settled, the answer is perfectly plain that Mid-Century has no right of intervention, over Hernandez' objection, to defend Hernandez under a reservation of the right to deny coverage under the policy, and the trial court was correct in denying Mid-Century's application to intervene.

That does not mean that Mid-Century is without a remedy. Its dilemma is a real one. It may file a declaratory judgment suit to determine the question of its policy coverage in this accident. *State ex rel. United States Fire Insurance Company v.*

*Terte,* 351 Mo. 1089, 176 S.W.2d 25 (1943); 7C APPLEMAN, INSURANCE LAW AND PRACTICE, § 4686 (1979); 20 APPLEMAN, INSURANCE LAW AND PRACTICE, Part 73, Declaratory Judgments; see, e.g., *Home Indemnity Company v. Politte,* 602 S.W.2d 943 (Mo.App.1980).

If Mid-Century elects to file a declaratory judgment action, it may in its own behalf file in *Hernandez v. Sparks* an application for a stay of proceedings until the declaratory judgment action is decided. See 1 Mo.Dig. 2nd, Action Key Nos. 67, 68, 69. In *Kollmeyer v. Willis,* 408 S.W.2d 370, 378 (Mo.App.1966), an insurance company was held to have standing to move to set aside a default judgment rendered against its purported insured. We hold on the same reasoning that Mid-Century in this case has standing to make application for a stay of proceedings.

Our permanent writ of mandamus will command the trial court to permit intervention by Mid-Century in *Sparks v. Hernandez* for the limited purpose of making application for a stay of proceedings pending the determination of the declaratory judgment action if such an action is promptly filed. (We do not, of course, undertake to direct how any such application should be ruled.) Our alternative writ of mandamus is quashed insofar as it commands the trial judge to allow intervention by Mid-Century to assume the defense of the Sparks claim for damages.

All concur.