STATE of Missouri ex rel. RIMCO, INC., f/k/a Rubin Iron and Metal, Ronnie Murray, Louise Murray and Gordon Gubin, Relators,

v.

The Honorable James R. DOWD, Judge of the Circuit Court of the City of St. Louis, Missouri, Division No. 2, Respondent.

No. 63804.

Missouri Court of Appeals, Eastern District, Writ Division Four.

Aug. 3, 1993.

Robert L. DeVoto, Wuestling, James & DeVoto, St. Louis, Thomas O. Falb, Williamson, Webster, Groshong, Moorman & Falb, Alton, IL, for relators.

Thomas J. Plunkert, St. Louis, for respondent.

SMITH, Judge.

Relators sought our writ of prohibition to preclude respondent from enforcing his stay order directed to a case pending in a different division involving parties other than those before him. We issued our preliminary writ which we subsequently made permanent with this opinion to follow.

Rimco, Inc. is a corporation which took over the business, including the liabilities, of Rubin Iron and Metal, a partnership consisting of Lewis Rubin and Gordon Gubin as partners. During the existence of the partnership, Ronnie Murray was an employee of Supervan Service Company where he worked as a security guard. He was allegedly injured when, while investigating a possible vandal, he fell through a flatbed trailer stored on the premises of Supervan and owned by Rimco. Murray and his wife sued Rimco, Inc., Rubin Iron and Metal and the Rimco partners for personal injuries sustained in the fall.

The partnership was insured by two different insurance companies. It had a general comprehensive liability policy from Colonia Insurance Company, and an automobile insurance policy from Canal Insurance Company. Both companies were notified by Rubin Iron and Metal Company of the lawsuit at some point. Colonia called upon Canal to assume the defense. Canal declined on the basis that its policy covered only "described automobiles" and the trailer involved was not a "described automobile". Colonia then assigned a law firm to protect Rimco's interests but did so with an express reservation of rights. Canal also agreed to provide a defense under an express reservation of rights. The counsel supplied by Colonia subsequently wrote Rimco to advise that since the loss and resulting lawsuit were not covered under Colonia's policy the responsibility for the legal fees in defending such action would be Rimco's and that counsel would withdraw unless Rimco desired to retain him. Canal filed its declaratory judgment action against Rimco.[1] Rimco in turn filed its third party petition against Colonia seeking a determination of Colonia's liability under its policy. Colonia offered to defend the Murray suit under a full reservation of rights. Rimco declined the offer. Colonia then sought, in the declaratory judgment action, a stay of the proceedings in the Murray case, including prevention of settlement by the parties in that case pursuant to § 537.065 RSMo 1986. By affidavit attached as an exhibit to the petition for writ, counsel declared that a settlement of the Murray lawsuit under § 537.065 had been agreed to but not yet memorialized in writing. Respondent granted the stay. Relators applied for our writ of prohibition which we issued.

We find it unnecessary to reach two issues raised by relators dealing with the need for a bond and the presence of an indispensable party.

 An insurance company has three options when asked to defend an insured when a question of coverage exists. First, it can defend. Second, it can defend with a reservation of rights. Third, it can refuse to defend. If it chooses the second alternative the insured may elect to allow the company to defend or it may elect to refuse to allow defense under a reservation of rights. *State ex rel. Mid–Century Insurance Co. Inc. v. McKelvey*, 666 S.W.2d 457, l. c. 459 (Mo.App.1984). As pointed out in that case there are good reasons for allowing the insured the election. A reservation of rights may chill a zealous defense based on the insurer's assessment of the liability and it presents a possible conflict of interest because the insurer may be more concerned with developing facts showing noncoverage than facts defeating liability. *Id.* In this case the insurer has offered to defend with a reservation of rights and that offer has been refused.

 Section 537.065 authorizes a settlement between a plaintiff and defendant in a tort action by which the plaintiff will seek payment of a judgment only from specified assets which may include recovery solely from an insurance company insuring the legal liability of the tort-feasor. The record before us establishes that the plaintiffs and the defendants in the Murray action have arrived at such a settlement. The effect of the respondent's order is to preclude finalization of that settlement and the entry of judgment pursuant to that settlement. The order therefore vests control of the Murray litigation in the hands of Colonia and effectively denies to the defendants in the Murray case the benefits of the statute. Obviously, no plaintiff is going to enter into a § 537.065 settlement if it has already been determined that the insurer has no coverage and no liability. The statutory settlement procedure allows the defendant in the tort litigation to buy his peace. Such a settlement places the plaintiff at risk that if no coverage exists no recovery of the judgment will occur. It places the insurer at risk that if coverage is found it will have no opportunity to defend

---

**1.** At some point, which is irrelevant to this proceeding, the motion of Canal for summary judg- ment was granted.

on the issue of liability of the tort-feasor. This is the statutory scheme established by the general assembly. Respondent's stay order circumvents the statutory scheme by allowing the insurer to avoid all risk imposed as a result of its refusal to defend and to place all of that risk on the insured. The respondent lacked the jurisdiction to order a stay of the lawsuit not before him.

Respondent points to *McKelvey, supra,* and *Whitehead v. Lakeside Hospital Association,* 844 S.W.2d 475 (Mo.App.1992) [11] as supporting the authority of a court to stay the underlying tort action until resolution of the declaratory judgment action. Both of those cases premised that authorization on the insurance company intervening in the underlying tort action and obtaining a discretionary stay in that proceeding. Colonia did not attempt to intervene and seek a stay in the Murray action. That distinguishes *McKelvey* and *Whitehead* from the case before us. Further, we are unable to conclude that the remedy suggested in those cases should be generally available to the insurer. Particularly, it should not be available where the parties in the tort litigation are utilizing the provisions of § 537.065. *McKelvey,* upon which *Whitehead* relies, does not discuss § 537.-065 and its impact on the remedy suggested. Insurers must make hard decisions in determining whether to defend a tort action when some issue of coverage is present. We see no fairness, however, in removing the risk of such decisions from the insurer and transferring it to the insured or imposing the hardship of delay on the plaintiff. The insurer has the opportunity to control the litigation by accepting the defense without reservation. If it elects some other course it forfeits its right to participate in the litigation and to control the lawsuit. If its decision concerning coverage is wrong it should be bound by the decision it has made.

Writ of prohibition is made permanent.

SIMON, P.J., and KAROHL, J., concur.