Sarah **LODIGENSKY**, Respondent,

v.

**AMERICAN STATES PREFERRED INSURANCE CO.**, Respondent,

**Richard J. Baldwin, Kevin Byrom**, Defendants,

**Metropolitan Property and Casualty Ins. Co.**, Appellant.

No. WD 49478.

Missouri Court of Appeals, Western District.

March 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1995.

Application to Transfer Denied June 20, 1995.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown and Enochs, Chartered, Kansas City, for appellant.

James C. Morrow, David M. Mayer, Myerson, Monsees & Morrow, P.C., Kansas City, for respondent.

Before FENNER, C.J., and HANNA and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

The issue in this case is whether Metropolitan Property and Casualty Insurance Company ("Metropolitan"), which has refused to defend or to provide coverage to defendant Kevin Byrom in this personal injury action, is nonetheless entitled to intervene for the limited purpose of requesting a stay of this action until the questions of whether Metropolitan owes Mr. Byrom a duty to defend and to provide coverage in this suit are determined in Metropolitan's separately filed declaratory judgment action. We hold that the trial court properly denied intervention.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arose out of a February 29, 1992, car accident in which Sarah Lodigensky was injured while riding as a passenger in a vehicle driven by Mr. Byrom. Mr. Byrom's car collided with a car driven by Richard J. Baldwin, causing injury to Ms. Lodigensky.

Ms. Lodigensky is insured by American States Preferred Insurance Company ("American States"). On July 27, 1992, she brought the instant action against American

States, alleging that both Mr. Baldwin and Mr. Byrom were responsible for her injuries, that they were uninsured, and that American States thus was liable to her under the uninsured motorist provisions of her policy with it.

On December 7, 1993, American States filed a third-party petition against Mr. Baldwin and Mr. Byrom, requesting indemnification for any judgment which might result against it. A few months later, Ms. Lodigensky amended her petition to add a claim for damages against Mr. Baldwin and Mr. Byrom.

On April 4, 1994, just six weeks before trial was originally scheduled,[1] American States sought to depose a representative of Metropolitan regarding whether it provided liability insurance coverage for Mr. Byrom's wife, Karen Byrom. If such coverage existed, American States wanted to discover whether that coverage extended to Mr. Byrom. If it did, American States would defend on the basis that Mr. Byrom was not uninsured and thus it was not liable to Ms. Lodigensky under the uninsured motorist provision of its policy for any injuries caused by him.

Metropolitan claims that the Byroms have never requested it to defend the Lodigensky/American States lawsuit. It claims that the only party which has asserted that it owes coverage and a duty to defend the Byroms is American States and that American States has done so only as a part of its defense to Ms. Lodigensky's uninsured motorist claim against American States. On the other hand, American States claims, in its brief, that Metropolitan has refused to defend the instant suit.

Neither party offers a record citation for its position. The Byroms are not represented on this appeal and may disagree with Metropolitan that they have not made a proper demand for a defense or that it is too late for them to do so. Because we cannot determine from the record whether or not Metropolitan has refused to provide a defense to Mr. Byrom in the instant suit, we treat that issue as one of fact yet to be resolved.

Despite its claims that the Byroms have made no demand for coverage and have not asked it to provide a defense in the instant suit, Metropolitan filed a Petition for Declaratory Judgment in the Circuit Court of Jackson County in late April, just a few weeks after its representative was deposed. It sought a declaration that its policy did not provide coverage to or require it to defend Mr. Byrom for the claims brought against him in this suit. The declaratory judgment action is still pending.

One week after it filed the declaratory judgment action, Metropolitan sought to intervene in this action as of right under Rule 52.12(a) and further sought permissive intervention under Rule 52.12(b). Along with its notice of intervention, Metropolitan filed an application for a stay of the trial of this action pending resolution of its declaratory judgment action. In opposition, American States argued that intervention and an order to seek such a stay was not permitted under Missouri law, that Metropolitan had not established the elements of intervention as of right or of permissive intervention, and that to allow such intervention would be against public policy.

The trial court denied the motion to intervene. This appeal followed.[2]

## II. INTERVENTION AS OF RIGHT WAS PROPERLY DENIED

### A. *The Elements of Intervention As Of Right*

Metropolitan claims on appeal that it was entitled to intervene as a matter of right in this lawsuit. Intervention as of right is governed by Rule 52.12(a), which states in relevant part that intervention will be allowed if:

---

1. On September 17, 1993, the trial had been set for May 16, 1994. At the request of American States, and due to delays allegedly caused by the two individual defendants, a continuance was granted. However, the trial judge made it clear that he believed plaintiff was entitled to a prompt trial and that he would not be inclined to grant a continuance of the next trial setting.

2. Denial of a motion for intervention as of right is immediately appealable. *Alsbach v. Bader*, 616 S.W.2d 147, 149 n. 1 (Mo.App.1981).

[T]he applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Rule 52.12(a)(2).

■ As Metropolitan notes, Rule 52.12(a) permits intervention as of right only if the applicant establishes: (1) an interest in the subject of the action; (2) that the applicant's ability to protect that interest is impaired; and (3) that the applicant's interests are not adequately represented by the existing parties. *Id.* If an applicant meets this burden of proof, the right to intervene is absolute. *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 478–79 (Mo.App.1992).

■ Metropolitan claims that it has established each of the three elements required to permit intervention as of right in this lawsuit. Metropolitan claims that it has an interest in the subject of this lawsuit because the issue of coverage will be litigated in determining whether American States is liable to Ms. Lodigensky. Metropolitan claims that its ability to protect this interest will be impaired if it cannot intervene because it may be collaterally estopped by a determination of coverage herein. Finally, Metropolitan claims that none of the current parties to this suit will adequately protect its interests because "[a]ll current parties to the action are united in their desire that Mr. Byrom fall within the terms of the [Metropolitan insurance] policy."

■ Metropolitan's arguments as to why it has established the three elements necessary to show intervention as of right are based on the erroneous assumption that Metropolitan will or may be bound by a determination of coverage in this case. Metropolitan cites to no cases so holding, however. The cases Metropolitan discusses in its brief *do* state that *if* Metropolitan refused to defend Mr. Byrom in the instant lawsuit, then it would

be bound by the determination herein as to the *liability* of Mr. Byrom for Ms. Lodigensky's injuries and as to any damages she sustained thereby. This is because, as a matter of public policy, if an insurer, such as Metropolitan, has refused to defend an alleged insured, such as Mr. Byrom, or has offered to defend him only under a reservation of rights, the insurer normally forfeits its right to litigate the issue of its insured's liability.[3]

However, if, as Metropolitan suggests, it has never been asked to provide a defense in this lawsuit, then the policy reasons for binding it to the liability and damage determinations below do not apply, and there is no basis for holding that it would be bound by any determination of these issues below.

Even if Mr. Byrom has timely requested Metropolitan to provide a defense in this lawsuit (or even if he could still timely do so under his policy), Metropolitan still has not identified any basis on which to find that it must be permitted to intervene because its obligation to defend or provide coverage will be finally determined in the trial below. Initially, we note that American States says its defense below is based on the terms of its own policy with Ms. Lodigensky, not on the terms of Metropolitan's policy with the Byroms, and that the latter issue will not even be addressed below. If this is true, then Metropolitan's fears of being bound by a determination below as to the coverage provided by its policy are unjustified.

Should the coverage of the Metropolitan policy become an issue below, however, Metropolitan still has not explained why it would be bound by the determination of that issue in this suit, to which it is not a party and in which it has been denied intervention. Even Respondent American States conceded at oral argument that Metropolitan would *not* be so bound.

This concession makes sense, for it is evident that the rationale for holding that an insurer who has refused to provide a defense is bound by the determination of *liability*

---

**3.** *See* cases cited *infra*, note 4. This rule may not apply in certain special situations, such as where the insurer has an inherent conflict of interest

with the insured. *See Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979).

and *damages* in the personal injury lawsuit simply does not apply so as to bind the insurer on the issue of coverage.[4] This is because the duty to provide coverage arises, if at all, only once an adverse judgment has been entered against the insured. Thus, no breach of that duty has yet occurred as to the Byroms, for, so far as the record shows, no judgment has been entered against Mr. Byrom.

It may be for this reason that an insurer who has refused to defend nonetheless historically has been permitted to try the coverage issue separately in a declaratory judgement action. An insurer certainly has never been permitted to try the coverage issue in the underlying personal injury lawsuit in which it has refused to provide a defense. In fact, after noting that the insurer is bound by the determination of liability in an action which it has refused to defend, *Whitehead* itself held that the insurer could not intervene as of right to litigate coverage for:

[A]ny judgment [in the personal injury suit] would not bind the insurer on the issue of coverage which it has reserved.

. . . .

The insurer, who relinquished the right to control the defense of the claim against the insured, no longer had any direct and protectible interest in the suit against the insured. It was the function of the declaratory judgment action, then still pending, to independently and finally adjudicate the liability of the insurer to the insured under the policy, and hence the liability for the default judgment.

*Whitehead,* 844 S.W.2d at 482–83 (emphasis added). We believe the same reasoning would preclude binding Metropolitan on the issue of coverage here.[5]

### B. Intervention for All Purposes or for the Limited Purpose of Seeking a Stay Will Not Be Permitted Even If Metropolitan Refused to Defend the Instant Lawsuit

As Metropolitan will not be bound by the result in the instant suit, it has shown no interest which would justify even permissive intervention, much less intervention as of right, in order to litigate the substantive issues of liability and damages. This is of course true if, as American States suggests, Mr. Byrom has never even demanded that

---

4. *Whitehead v. Lakeside Hosp. Ass'n,* 844 S.W.2d 475, 480–82 (Mo.App.1992), a case very similar to the instant one, addressed the rationale for precluding an insurer from relitigating liability and damage issues where it has wrongly refused to defend, stating:

The decision by the insurer, as to whether it will refuse to defend because the claim upon which the action against the insured grounded is outside the coverage of the policy, is attended with risk. Where the claim is actually outside the policy coverage, the refusal of the insurer to defend is a justified refusal, the insurer is not guilty of a breach of contract and incurs no legal liability by its action. . . .

Where the claim comes within the policy coverage, and so within the duty of the insurer to defend, the refusal of the insurer to do so is unjustified, and the insurer is guilty of a breach of contract. That the refusal of the insurer to defend on the ground that the claim is outside the policy is an honest mistake, nevertheless constitutes an unjustified refusal and renders the insurer liable to the insured for all resultant damages from that breach of contract.

*Id.* at 481 (citations omitted). Other cases apply a similar rule. *See, e.g., Finkle v. Western Auto. Ins. Co.,* 224 Mo.App. 285, 26 S.W.2d 843, 849 (1930) ("The general rule is that, where one is bound to protect another from liability, he is

bound by the result of litigation to which the other is a party, provided he had notice of the litigation, and an opportunity to control and manage it, and that the judgment rendered therein is conclusive in the subsequent action upon the indemnity contract as to all questions and issues necessarily determined therein.").

5. Of course, even if Metropolitan is not bound by the determination of coverage below as a matter of public policy, it still could be bound if the usual rules of collateral estoppel would so permit. Metropolitan may be concerned that collateral estoppel might apply because, unlike in *Whitehead,* American States may actually litigate the issue of the coverage provided by Metropolitan's policy when the instant case goes to trial. However, as noted, if intervention is denied, Metropolitan will not be permitted to take part in the trial of any issue below, including the coverage issue. Moreover, Metropolitan is not in privity with its alleged insured or with any of the other parties to the instant action on the coverage issue, and American States suggests that the specific issue to be tried below is the coverage of *its* policy, not that of Metropolitan. Collateral estoppel only applies to issues which the party or his privy has actually litigated. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979).

Metropolitan provide a defense. In such a case, it has no obligation to defend Mr. Byrom and thus cannot be bound by the result of the instant suit on any issue. It has not shown even a contingent or indirect interest in this lawsuit.

■ Even if Metropolitan has refused to provide a defense in this suit, however, it does not have a sufficient interest to intervene as of right to try the issues of liability or damages, even though it will be bound by the determination of those issues below. The reason for this is that the insurer's interest in the result of the trial below is indirect and contingent, for the insurer will be held liable only if its insured is found liable and then applies to it for coverage. The insurer thus does not directly gain or lose as a result of the personal injury judgment, a necessary predicate to intervention as of right. *Whitehead,* 844 S.W.2d at 479–80. *See also State ex rel. Farmers Mut. Auto. Ins. Co. v. Weber,* 364 Mo. 1159, 273 S.W.2d 318, 320 (1954) (interest of insurer in liability determination was only indirect and contingent, and did not justify intervention); *Eakins v. Burton,* 423 S.W.2d 787, 790 (Mo. 1968).

Metropolitan argues, however, that even if it does not meet the usual requirements for general intervention as of right, *Whitehead* provides the right to intervene for the limited purpose of seeking a stay of this personal injury action until the coverage and duty to defend issues are resolved in the declaratory judgment action. *Whitehead* does specifically state:

> Intervention as of right Rule 52.12(a) is indeed the procedure open to an insurer to meliorate the risk of consequences that attends the refusal to defend on the ground of noncoverage. An insurer who seeks a declaratory judgment on the question of coverage may apply to intervene in the action against the insured solely for a stay of that proceeding until the adjudication of the declaratory judgment. It is a right of procedure [rather than of interest] that mandamus will compel. In fact, MHP made such an application, but was denied. *The order was not appealed, and so cannot be redressed here.*

*Whitehead,* 844 S.W.2d at 481 (emphasis added) (citations omitted).

As noted in the emphasized portion of the above quotation, however, the right to intervene for the limited purpose of seeking a stay was not preserved in *Whitehead,* for no appeal was taken from denial of that motion. Thus, the language in *Whitehead,* relied on by Metropolitan, is only *dicta. State ex rel. Mid–Century Ins. Co. v. McKelvey,* 666 S.W.2d 457, 459 (Mo.App.1984), upon which *Whitehead* relied, also only addressed the right to intervene for such a limited purpose in *dicta.*

It is unclear whether Metropolitan even comes within the terms of the *dicta* in *Whitehead* and *McKelvey.* Metropolitan claims it only sought to intervene as of right for the limited purpose of seeking a stay until the declaratory judgment action was resolved. Its alternative argument for permissive intervention under Rule 52.12(b) was directed to this issue. However, Metropolitan's motion to intervene as of right, the denial of which is the issue raised on appeal, was not so limited in scope. The motion simply stated that Metropolitan sought intervention as of right, not intervention as of right for the limited purpose of seeking a stay. The arguments offered in support of intervention as of right did not explicitly indicate intervention would be for this limited purpose, although Metropolitan did note in the course of its arguments that if intervention as of right were granted, it would seek a stay, and it filed a motion for stay with its motion to intervene.

Even if this complicated mix of arguments is held to have preserved the issue of whether Metropolitan can intervene as of right for the limited purpose of seeking a stay, we decline to adopt the *dicta* in *Whitehead* and *McKelvey* approving limited intervention for this purpose. We are convinced that the better policy is expressed by the Eastern District in *State ex rel. Rimco, Inc. v. Dowd,* 858 S.W.2d 307 (Mo.App.1993). *Rimco* distinguished *McKelvey* and *Whitehead,* but then said that, in any event, it disagreed that intervention for a limited purpose was proper, stating:

Insurers must make hard decisions in determining whether to defend a tort action when some issue of coverage is present. We see no fairness, however, in removing the risk of such decisions from the insurer and transferring it to the insured or imposing the hardship of delay on the plaintiff. The insurer has the opportunity to control the litigation by accepting the defense without reservation. If it elects some other course it forfeits its right to participate in the litigation and to control the lawsuit. If its decision concerning coverage is wrong it should be bound by the decision it has made.

*Rimco,* 858 S.W.2d at 309.

We agree. Metropolitan, in effect, seeks to "have its cake and eat it too." If Metropolitan has any risk, it is because it has refused to defend. Yet, it wants to avoid the risks inherent in such a refusal by obtaining a stay until coverage can be determined in the declaratory judgment action. As both *Rimco* and *Whitehead* note, Missouri has long recognized that such risks properly rest on the insurer, not the insured.

Finally, we note that, even if intervention were allowed for the limited purpose of seeking a stay, it is fully within the trial court's discretion to deny a request for a stay pending the determination of the declaratory judgment action. That discretion will not be disturbed absent an abuse of discretion. *Green v. Miller,* 851 S.W.2d 553, 556 (Mo. App.1993). The trial court made it clear that it did not believe it was appropriate to issue a stay in order to await resolution of the declaratory judgment action. Such a determination is within its discretion, given the delay it would cause in the trial of the action.

For these reasons, we affirm the judgment of the trial court denying the motion to intervene.

All concur.